272

STATE OF MONTANA ex rel. JOSEPH T. WARD, Plaintiff and Relator, v. FORREST H. ANDERSON, Governor of the State of Montana, et al., Defendant and Respondents.

No. 12132.
Sept. 23, 1971.
491 P.2d 865.

## ORDER AND CITATION

PER CURIAM:

In the above entitled cause, a Motion to Dismiss was filed on September 21, 1971 by Neil J. Lynch on the grounds that:

"I

"There is now pending in the District Court for the First Judicial District of the State of Montana in Cause Number 35058 an action on substantially the same subject matter asking that the same Defendant be prohibited from issuing and selling bonds in the amount of $7,710,442.00 for the purpose of acquiring for and erecting and equipping a State Highway Complex, said action having not been dismissed to date.

"II

"That the above entitled action in the First Judicial District was filed on July 6, 1971, and is still pending and is the normal and proper manner in such said action should be disposed of as has been done consistently in the past in such actions.

"III

"That there is widespread concern and interest in the above case by the people of the State of Montana ie. there is a question in many minds why this matter can not be handled in the normal manner and why it must be disposed in such a summary manner (20 days between the time of filing before the high court and the date of final hearing) when normally such matters require months before final disposition.

"IV

"That your petitioner is particularly concerned with the effect that a decision will have upon the people of Montana in the following respects:

"a) The complex will place an undue tax burden on the people in the State of Montana in that four cents out of every gallon of gasoline will be required to finance the construction of said complex.

"b) It will mean a loss of $56 million in Federal Matching monies that could be used for the needed construction of highways throughout the state of Montana.

"c) That the proposed complex is not needed due to the fact that the Federal Interstate Highway Program will be phasing out within the next five years resulting in the reduction of staff thus, such extensive office space as is proposed in said complex would not be necessary.

"d) That the complex is an extravagant waste of State monies, for the sake of example, the amount of land for said complex is 147 acres compared to the mere 39 acres for the Capitol Complex in Helena.

"e) The people of Montana have the right to vote on such an issue as this, however, the Highway Department and the State Board of Examiners are attempting to bypass the voice of the people in contravention of Montana Constitution."

This Court then sought the district court file referred to and found that no file, other than a number, existed; such file and papers, if any, having been withdrawn by Neil J. Lynch. Upon inquiry of the district court, some rather unusual circumstances appear in connection with the purported file.

Lynch is not a party to this cause, nor has he sought to intervene herein. This cause was filed in this Court on September 8, 1971; and after ex parte presentation, we assumed jurisdiction by issuing an Order to Show Cause on the same day, September 8, 1971. In the daily newspapers, in particular the Great Falls Tribune of September 9, 1971, appeared a news story which, inter alia, contained these statements:

"Lynch, a Butte attorney, has been preparing a similar suit on behalf of Stein against sale of the highway complex bonds for introduction in district court in Helena. He had planned to

file the suit early in July, but due to technical reasons it was never filed.

"Lynch told the Tribune that he still plans to file the suit and that he expects the two suits would probably be combined.

"Lynch contends that in addition to the unconstitutionality of the proposed bond sale, the Highway Department doesn't need a new headquarters building, which is planned for Helena's East Side.

" 'They're not really in that bad shape when you walk through the buildings they already have,' he said. 'I don't think so, anyway. You've just got a little dynasty here that's trying to perpetuate itself and that's all there is to it.'

"He says the Supreme Court matter is 'just the attorney general's office pushing it and trying to get it over with so they can build the Chittim Memorial'. The allusion is to Lewis Chittim, Highway Department chief.

"Lynch suspects that rather than being a true contest by opposing parties, the suit is more of the nature of a 'friendly' suit where both sides agree to disagree merely for the sake of getting a court decision. If that's true, he says, he fears a 'whitewash' because everybody would be on the same side.

"But, he says, 'one thing they are not going to do is railroad me. And I know darned well that's what they have in mind—a little railroad job.' ''

Following the filing of the Motion to Dismiss in this case on September 21, 1971 there appeared another news story in the daily newspapers, particularly in the Missoulian of September 22, 1971, where some of the quoted public statements allegedly made by Neil J. Lynch are again repeated as follows:

"A Butte attorney, trying to block construction of a $7.7 million highway building complex here, asked the Supreme Court Tuesday to dismiss a constitutional test of the bond sales that he feels is a 'friendly suit' backed by bond brokers.

"Neil J. Lynch, a Silver Bow County state senator, said he has pending in 1st District Court in Helena an action asking the court to prohibit the sale of the highway bond issue. He said

that case should be allowed to proceed normally through trial court to the appeal court.

''Lynch questioned why the constitutional test before the high court 'must be disposed of in such a summary manner.'

''He asked dismissal of a suit alleging sale of $13.2 million in state bonds is illegal because the debts were not voted on by the people as required by the constitution. Bonds involved include the highway complex and $5.5 million for the state's long-range building program.

\*      \*      \*      \*      \*      \*      \*      \*      \*

''Lynch claimed to the Missoulian State Bureau that Ward's action was a 'sweetheart case' really brought by bond brokers to clear any legal cloud to assure the bonds were saleable.

''He said the bond brokers and the state both had the same objective to sell the bonds and theirs was no real adversary conflict.

\*      \*      \*      \*      \*      .\*      \*      \*      \*

''Lynch had asked last July for a writ of prohibition from District Judge Gordon R. Bennett in Helena but took it back to amend it before any action was taken.

''The case, No. 35058, was in the 'dead file' in the clerk of court's office Tuesday, but Lynch said and Judge Bennett confirmed that Lynch was refiling his original application for a writ of prohibition and the action was still pending.

''In his petition for dismissal of the case before the Supreme Court, Lynch said the highway complex bonds to be redeemed by 4 cents per gallon of the state gasoline tax would be an undue burden on motorists.

''He said the funds used to build the complex would cost the state $56 million in federal matching funds for highway construction and that the office space is not needed because the interstate highway building program would be phased out over the next five years.

''Lynch called the complex plans 'an extravagant waste of state monies, noting the complex, which includes a state motor

pool, would cover 147 acres compared to 39 acres for the entire Capitol complex."

This Court, desirous of preserving the integrity of the judicial processes, both as to its own dignity and integrity as well as the integrity of other officers of the Court and litigants, taking cognizance of public statements attributed to Neil J. Lynch, which inter alia stated "the suit is more of the nature of a 'friendly' suit where both sides agree to disagree merely for the sake of getting a court decision. If that's true, he says, he fears a 'whitewash' because everybody would be on the same side'', as well as actions of said Neil J. Lynch in connection with the district court proceedings and file mentioned above, now orders as follows:

Neil J. Lynch shall appear before this Court at 9:30 A.M. on Monday, September 27, 1971, to show cause, if any he has, why this Court should not inquire into the Canons of Ethics, particularly Canon # 20 to determine whether disciplinary proceedings should be had.

Additionally, since it appears that a hearing on the merits in the instant cause, Ward v. Board of Examiners, may be affected by diversion on such ancillary matters, the setting of that cause is hereby vacated until the further order of the Court.

Let this Order and Citation be personally served upon Neil J. Lynch forthwith.

## ORDER

PER CURIAM:

It appearing that in cause #12132, Neil J. Lynch filed a motion to dismiss therein, without representing any party thereto, and without leave of Court to intervene;

And it further appearing that the said Neil J. Lynch made certain statements to the press with relation to pending litigation all as more fully set forth in the order to show cause and citation previously issued herein;

And it further appearing that on the 23rd day of September, 1971, this Court caused an order and citation to be issued herein and served upon the said Neil J. Lynch requiring him to appear

before this Court and show cause why this Court should not inquire into the Canons of Professional Ethics to determine whether disciplinary proceedings should be had and the Court further, in said order, vacated the hearing in cause #12132 heretofore set, until further order of the Court;

And the said Neil J. Lynch appearing personally and with his attorneys, Hon. J. A. Turnage and Hon. Richard Dzivi, in response to said order to show cause and citation.

And the said Neil J. Lynch advising the Court, in effect, that he made said statements, that he now realizes that said statements were prohibited by Canon #20 of the Canons of Professional Ethics; further denying that he ever had any intention to in any manner interfere with or cast any question upon the dignity and integrity of this Court, its officers or litigants before it, by any remark, and the said Neil J. Lynch making a public apology to this Court and assuring this Court that he will refrain in the future from any statements or actions that might give rise to questions involving professional ethics;

And the said Neil J. Lynch further seeking permission of this Court to withdraw the motion to dismiss heretofore filed by him in cause #12132 and requesting an order of this Court to permit him to file a brief amicus curiae in said cause and the said Neil J. Lynch having filed a written answer to the order and citation of this Court containing the above responses, and the Court now being advised, it is ordered, adjudged and decreed:

1.  That the public apology in open Court for his actions and his assurances to this Court that said actions will not be repeated is accepted as genuine and sincere and further action is not deemed necessary.

2.  The motion of said Neil J. Lynch requesting an order of this Court granting him permission to file a brief amicus curiae in cause #12132 now pending before this Court is granted and the said Neil J. Lynch is directed to file such brief covering all the issues therein involved.

278

3. The hearing heretofore set in cause #12132 and thereafter vacated has been reset for the 4th day of October, 1971, at the hour of 9:30 a.m. in the courtroom of this Court.